## COOPER In Re

Ohio Appeals, 1st Dist, Hamilton Co

Decided Feb 14, 1938

John W. Cowell, Cincinnati, for Robert Cooper.

Robert J. Paul, City Prosecutor, and James J. Conway, Assistant City Prosecutor, Cincinnati, for Michael G. Heintz, Cincinnati, amicus curiae.

## OPINION

By HAMILTON, J.

This is an original action in habeas corpus, whereby the petitioner seeks release from custody under a judgment of conviction in the Municipal Court of Cincinnati. The conviction was for a violation of §12970 GC, in failing to provide his child with food, etc.

The claim is that §12970 GC, is repealed by §1639-62 GC, of the new Juvenile Code, which provides:

"That existing §§1639 to 1683-1 GC, inclusive, and all other sections or parts of sections of the General Code inconsistent herewith, be, and the same are hereby repealed."

The writer is of opinion that the clause "all other sections or parts of sections" has reference only to prior existing sections of the Juvenile Code, and did not have reference to the Criminal Code of Ohio, of which §12970 GC is a part. The new Juvenile Code is a codification of the former juvenile laws, and, as stated in §1639-59 GC of the act: "The purpose of this chapter

is to secure for each child under its jurisdiction such care, etc."

Sec 12970 GC, is a criminal statute. As was said by this court in the case of **State ex rel v Hoffman, 23 Oh Ap 348:** "The Juvenile Court does not deal with crimes. Its jurisdiction is limited to delinquent, neglected, or dependent minors, under the age of 18 years."

In considering the question before us, the declared purpose of the Juvenile Chapter of the Code must be borne in mind. The child is the whole consideration.

Sec 12970 GC, is a section dealing with adult misdemeanors, and provides punishment for criminal offense.

It will be noted that the jurisdiction of the Juvenile Court is expressly limited to juvenile work "under this chapter". It has not general jurisdiction under the act. Sec: §§1639-7, -8, -9, -10, -11, -12, -16.

The act does give jurisdiction to the juvenile court to punish persons having the custody of a child or who owe the duty of support. This is for the purpose of enforcing performance of that duty. While the juvenile court is ██ given original jurisdiction in such cases on complaint, that jurisdiction is not exclusive. See subsection B of §1639-16 GC. That the legislature did not intend the jurisdiction to be exclusive is borne out by the fact that in the preceding sub-section it is expressly provided that the jurisdiction shall be exclusive in the subject-matter contained in said sub-section "A".

It is therefore clear that the petitioner is not entitled to his release on the ground that jurisdiction lies solely in the Juvenile Court. If §12970 is repealed, then there could be no offense charged thereunder, and the conviction would be void.

If §12970 GC, is repealed it must be as inconsistent with §1639-46 GC of the Juvenile Act, or that said section is repealed by implication.

The writer, as above stated, is of opinion that the repealing clause has reference only to juvenile matter and does not repeal all inconsistent provisions of the Ohio Criminal Code.

However that may be, no such inconsistency exists. True some of the matters constituting an offense in §12970 GC, appear in §1639-46 GC, but ██ these were so provided in order to enforce protection for the child, which, as heretofore stated is the purpose of the act to which the Juvenile Court is limited. This certainly is not inconsistent with the Criminal Code, the jurisdiction of which lies in another court of different jurisdiction. It is suggested that the penalty provision is different, and, therefore, the older section is repealed. True, the maximum fine is higher in §1639-46 of the later Juvenile Code. But the declared purpose of the law must be borne in mind. The Juvenile Act gives wider discretion to the Juvenile Court, as the purpose is not only to punish for past failure to duty, but to enforce the discharge of such duty to the child. While §12970 is simply punishment for criminal offense. The laws are different. The offenses are different. The laws are administered under different jurisdictions. If the offense is charged under §12970, the judgment upon conviction would be as therein provided. If the charge is under §1639-46 in the Juvenile Court, the judgment upon conviction would be as therein provided.

The rule is that repeal by implication is not favored. There is no reason to consider repeal by implication in the instant case.

Both sections can be given effect, each in the jurisdiction provided therefor, and no repeal of §12970 GC, results.

ROSS, PJ, Concurs.

MATTHEWS, J, dissents in separate memorandum.

By MATTHEWS, J, dissenting.

It seems clear to me that §1639-46 of the Juvenile Code, as amended, and §12970 GC, so far as material here, are duplicate definitions of the same offense, that is, failure to provide, with a difference of application based on age and a difference in the punishment prescribed. The result of holding that both sections are laws permits the extent of punishment in all cases, and indeed whether there shall be any punishment when the minor is between the ages of 16 and 18 years, to be dependent upon the forum selected by the prosecuting witness or attorney. This seems to me to be a construction that imputes to the legislature an intention to make an unconstitutional delegation of legislative power.

In the absence of legislative authority, courts themselves may not suspend execution of sentences. Ex Parte, United States, 242 U. S., 27. And if courts are to impose punishment for crime, the legislature must prescribe limits within which the judicial discretion must be confined.

I quote from the syllabus of Ex Parte, United States:

"The Constitution assigns to the legislature the power to enact laws defining crimes and fixing the degree and method of punishment; to the judiciary the power to try offenses under those laws and impose punishment within the limits and according to the methods therein provided; to the executive the power to relieve from the punishment so fixed by law and so judicially ascertained and imposed.

"The power of Congress to fix punishment for crime includes the power, by probation or other suitable legislation, to equip the courts in advance with such latitude of discretion as will enable them to vary and control the application of punishment to suit the exigencies of each case, in accord with obvious considerations of humanity and public well-being;

"But the courts, albeit under the Constitution they are possessed inherently of a judicial, discretionary authority which is ample for the wise performance of their duties in the trying of offenses and imposing of penalties as the laws provide, have no inherent constitutional power to mitigate or avert those penalties by refusing to inflict them in individual cases."

The same rule is, of course, applicable to state courts under our state constitution.

If the legislature cannot delegate its law-making power to the courts, it would seem to follow, for stronger reasons, that it could not place in the power of a private person or a prosecuting attorney the power to determine whether any punishment should be inflicted, or, a greater or less punishment, by selection of the forum in which the prosecution is conducted.

I do not know that it is disputed that a prosecution under one section would be a bar to a prosecution under the other. The legislature cannot avoid the double jeopardy provision of the Constitution by multiplying definitions in the statutes and by providing for multiple prosecutions, each pertaining to a particular and different definition for the same non-conforming conduct.

My associates speak of these two sections being given effect "each in the jurisdiction provided therefor". There is but one jurisdiction here involved, and that is the jurisdiction of the state of Ohio. This is not an instance of different acts or of the same act violating laws of different jurisdictions, such as federal, state, and municipal. It is one offense (failure to provide) created by one sovereignty—the state of Ohio.

Nor is it a case of the same act violating different statutes defining crimes containing some common elements and some different elements.

In 8 R. C. L., 149, it is said:

"A single act may be an offense against two statutes, and, if each statute requires proof of an additional act which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other. And there is no doubt that it is within the power of the legislature to create two or more offenses which may be committed by a single act, each of which is punishable by itself. A conviction or acquittal in such case under either statute would be no bar to a conviction under the other, for the accused would not be twice in jeopardy for one offense, but only once in jeopardy for each offense."

These two sections do not create two or more offenses. They simply reiterate the sovereign condemnation of the same offense failure to provide.

The nature of the offense defined by these sections requires continuing conduct. And it is true that a conviction today for failure to provide would be no legal bar to a later prosecution based on tomorrow's default. But the purpose of both statutes is to insure the support, protection, and welfare of the minor. And by the Juvenile Court Code the legislature has indicated its purpose to give to that court wide discretion in fixing the terms of punishment, and probation so as to accomplish that object. This purpose would be largely frustrated if at the time the matter is brought to the attention of that court the parent should be serving a sentence, for failure to provide, imposed by another court.

Against this background, the Juvenile Court Code shall be construed.

I recognize the rule of statutory interpretation unfavorable to repeals by implication, but, in this instance, its application is weakened by the fact that the legislature contemplated that recourse to that principle might result in continuing in force existing statutes hostile to its purpose. So the legislature expressly provided by §1639-62 GC, that:

"That existing §§1639 to 1683, inclusive, of the GC, and all other sections or parts

of sections of the General Code inconsistent herewith, be, and the same are hereby repealed."

The provisions that it is necessary to consider particularly are §§12970 and 1639-16 GC.

### Sec 12970 is as follows:

"Whoever, having the control of or being the parent or guardian of a child under the age of sixteen years, wilfully abandons such child, or tortures, torments, or cruelly or unlawfully punishes it, or wilfully, unlawfully or negligently fails to furnish its necessary and proper food, clothing or shelter, shall be fined not less than ten dollars nor more than two hundred dollars or imprisoned not more than six months, or both."

By §1639-46 of the Juvenile Court Code it is enacted:

"Whoever is charged by law with the care, support, maintenance or education of a child and fails, neglects or refuses so to do, or who abandons such child, or who unlawfully beats, neglects, injures or otherwise ill treats such child, or causes or allows him or her to engage in common begging, or whoever, being the father of an illegitimate child under the age of eighteen years and fails, neglects or refuses so to do, upon complaint filed in the court exercising the powers and jurisdiction in this chapter conferred, shall be fined not less than ten dollars, nor more than five hundred dollars, or imprisoned not less than ten days nor more than one year, or both; provided, if he shall pay promptly each week for such purpose to the court, or to a trustee named by such court, a sum to be fixed by it, sentence may be suspended. Such neglect, non-support or abandonment shall be deemed to have been committed in the county in which such child may be at the time of such neglect, non-support or abandonment. Each day of such failure, neglect or refusal shall constitute a separate offense, and the judge may order that such person stand committed until such fines and costs are paid. In the case of an illegitimate child, if it is proven at the hearing from the evidence that the defendant is the putative father of said child, and that said defendant is unable to support or contribute toward the support of said child, said defendant shall not be acquitted or discharged. The court shall make a finding of paternity and continue the case until such time as it appears that said defendant is able to support or to contribute toward the support of such child."

By §1639-16 GC, the jurisdiction of the Common Pleas Court is defined:

"(a) The court shall have exclusive original jurisdiction under this chapter or under other provisions of the General Code:

"1. Concerning any child who is (1) delinquent, (2) neglected, (3) dependent, or (4) crippled.

"2. To determine the custody of any child not a ward of another court.

"3. To determine the paternity of any child alleged to have been born out of wedlock and to provide for the support and disposition of such child, subject to the concurrent jurisdiction of other courts as provided by law.

"(b) The court shall have original jurisdiction to determine all cases of misdemeanors charging adults (1) with contributing to, encouraging, or tending to cause by any act of omission, the delinquency, neglect or dependency of any child; or (2) with any act or omission with respect to any child, which act or omission is a violation of any state law or municipal ordinance; or (3) with desertion, abandonment or failure to provide subsistence.

"(c) Except as to juvenile courts separately and independently created by law, jurisdiction to hear, determine and make a record if any action for divorce or alimony involving the custody or care of children filed in the Common Pleas Court and certified by the presiding judge of the Common Pleas Court with all the papers filed therein to the court for trial; and to provide for the custody, care and support of children certified by the Common Pleas Court of any county of the state after a divorce has been granted.

"Provided, however, that no such certification shall be made in either case unless the consent of the judge of the court exercising the powers and jurisdiction conferred in this chapter is first obtained.

"After such certification is made and consent obtained, the court shall proceed as if such action was originally begun in said court."

The act also contains some definitions of terms that are of some assistance in determining the legislative intent. By §1639-1 GC, it is enacted that "The word 'child' includes any child under eighteen years of age. The word 'adult' includes any

person eighteen years of age, or over." §1639-2 GC, defines delinquent child, §1639-3 GC, neglected child, and §1639-4, dependent child.

By other sections, provision is made for the effective exercise of the Juvenile Court of the jurisdiction conferred by §1639-16 GC, both as to children and adults. When an adult is arrested for violation of any of the provisions of the act he "shall be taken before the judge and tried according to the provisions of this chapter."

By §1639-7, it is enacted that "The Juvenile Court or the Common Pleas Court, division of domestic relations of any county * * * shall have and exercise the powers and jurisdiction conferred in this chapter." And that is the only provision conferring jurisdiction over the subject-matter of the chapter upon any court.

It is clear, I believe, that no court in Hamilton county, other than the Common Pleas Court, division of domestic relations, has jurisdiction over the offenses by adults created by this act.

The petitioner is not held for violation of any provision of the juvenile court code. The charge against him was the violation of §12970 GC. Reliance is placed upon §§1558-6a, 13422-2, and 13422-3 GC, for the authority of the Municipal Court of Cincinnati to hear and determine the cause. The first section confers jurisdiction upon the Municipal Court of Cincinnati in all actions, civil and criminal, in which justices of the peace have or may be given jurisdiction. The other two sections confer jurisdiction upon justices of the peace, inter alia, "In all cases of violation of any law relating to * * * (3) The abandonment, non-support or ill-treatment of a child by its parents; * * * (7) the torturing, unlawfully punishing, ill-treating, or depriving anyone of necessary food, clothing or shelter." These sections were in force when the Juvenile Court Code was enacted.

While §§1558-6a, 13422-2, and 13422-3 GC, confer jurisdiction upon the Municipal Court to hear complaints of violation of such laws as may fall within the general description, a criminal statute, of the kind described, must exist and its violation charged before the authority of the court can be called into operation. It is claimed that §12970 GC, is such a statute, and that the complaint filed in the Municipal Court charges a violation of it.

Now was §12970 GC, still a law at the time charged? Is it inconsistent with the Juvenile Court Code? If it is, it was re-pealed by the express provisions of §1839-62 GC.

It will be observed that the age limit fixed by §12970 is sixteen years, whereas the juvenile court code fixes the age limit at eighteen years. Another inconsistency relates to the punishment. §12970 GC provides for a fine of not less than ten dollars nor more than two hundred dollars or imprisonment for not more than six months or both. §1639-46 of the Juvenile Court Code provides for a punishment by fine of not less than ten dollars, nor more than five hundred dollars, or imprisonment of not less than ten days nor more than one year, or both. There is also a provision for suspension of the sentence in the discretion of the court in the event the defendant makes suitable arrangements for the support of the child.

These provisions are certainly inconsistent. Both cannot be given effect. Therefore, the later expression of the legislature must be given effect. The result is that the prior inconsistent statute (§12970 GC) is repealed by the express provision of §1639-62 GC.

As I have already pointed out, a strained attempt to reconcile these two sections in excessive deference to the rule unfavorable to repeals by implication leads to unconstitutional results. Avoidance of such a result is a paramount obligation in the construction of statutes.

If I am right in this conclusion, the petitioner was not charged with the violation of any law. That which was described in the warrant and which had been a law had ceased to be such. That would seem to show conclusively that his conviction was erroneous. But this proceeding in habeas corpus must be decided on the question of whether the Municipal Court of Cincinnati had jurisdiction. If another statute penalizing failure to provide existed and the Municipal Court was not excluded by express statutory provision from jurisdiction to hear charges of violating it, it might be said that that statute coupled with §§1558-6a, 13422-2, and 13422-3 GC, would confer jurisdiction, so that it could not be said the conviction would be void as distinguished from erroneous.

Now has the Municipal Court been excluded from jurisdiction to hear causes arising under §1639-46 and the other sections of the Juvenile Court Code?

We have referred to some of the provisions of that code which throw light upon the proper construction of §1639-16 GC. The language of that section in the

light of the other provision seems to me to manifest a legislative intent to confer exclusive original jurisdiction upon the Common Pleas Court, division of domestic relations to completely administer the provisions of the Juvenile Court Code, excepting in those instances in which concurrent jurisdiction is expressly mentioned. As nothing is said in the Juvenile Court Code about any other court having concurrent jurisd'ction, I conclude that the Municipal Court of Cincinnati is without jurisdiction to hear complaints charging failure to provide.

For these reasons, the prayer of the petition should be granted, and the petitioner discharged from custody.

For these reasons, I dissent from the opinion just announced.